**UNITED STATES COURT OF APPEALS**

**September 3, 2008**

**TENTH CIRCUIT**

MAURICIO ARCHIE VARELA,

     Petitioner - Appellant,

v.

STANLEY MOYA, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

     Respondents - Appellees.

No. 08-2043

(D. New Mexico)

(D.C. No. 6:07-cv-00456-BB-LCS)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Mauricio "Archie" Varela, a state prisoner proceeding pro se, seeks a

certificate of appealability (COA) so that he may appeal the denial by the United

States District Court for the District of New Mexico of his application for relief

under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA for state

prisoner to appeal). His application, liberally construed, raised three claims: (1)

that his right to due process was violated when the state court retroactively

defined "shooting at a dwelling" to include fatal shootings; (2) that his Sixth

Amendment right to confront the witnesses against him was violated when the

trial court admitted the written statement of an alleged co-conspirator who

testified that he did not remember making the statement; and (3) that his trial

counsel was ineffective in failing to raise the Sixth Amendment issue. The district court denied his application, and denied his request for a COA. We likewise deny his request for a COA and dismiss the appeal.

Mr. Varela was the driver in a drive-by shooting that claimed the life of the father of a rival gang member. He was convicted by a jury in New Mexico state court of accessory to first-degree felony murder and conspiracy to commit shooting at a dwelling. The New Mexico Supreme Court affirmed those convictions, although it set aside some enhancements and his conviction on another charge. *See State v. Varela*, 993 P.2d 1280 (N.M. 1999). On remand he was sentenced to life imprisonment plus 11 years.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*.

Mr. Varela's first claim is that he was denied due process by the state courts' retroactive application of a new interpretation of the offense of "shooting

at a dwelling."  Under New Mexico law a defendant is guilty of felony murder if he commits "the killing of one human being . . . without lawful justification or excuse . . . in the commission of or attempt to commit any felony."  N.M. Stat. § 30-2-1 (1978).  The predicate felony for Mr. Varela's felony-murder conviction was "shooting at a dwelling."  That offense is defined as follows:

> Shooting at a dwelling or occupied building consists of willfully discharging a firearm at a dwelling or occupied building.  Whoever commits shooting at a dwelling or occupied building that does not result in great bodily harm to another person is guilty of a fourth degree felony.  Whoever commits shooting at a dwelling or occupied building that results in injury to another person is guilty of a third degree felony.  Whoever commits shooting at a dwelling or occupied building that results in great bodily harm to another person is guilty of a second degree felony.

*Id.* § 30-3-8A.  Mr. Varela argues that the New Mexico courts improperly applied to him a new construction of the offense of "shooting at a dwelling . . . that results in great bodily harm," when they ruled in his case that death is great bodily harm.  This might be a relevant argument if he were challenging a conviction for a shooting that caused great bodily harm.  But the conviction he is challenging is a conviction of felony murder, and any felony can be the predicate offense.  If, as he contends, due process required the state court to rule that death is not great bodily harm, then Mr. Varela was guilty of a shooting that did not cause great bodily harm, which is a fourth-degree felony.  Accordingly, even if the state court committed error, he was not prejudiced thereby.  No reasonable

-3-

jurist could debate that the district court erred in denying Mr. Varela's due-process claim.

Mr. Varela's second claim concerns the admission into evidence of a written statement by a co-conspirator, Michael Gonzales, who testified at trial but claimed not to remember making the written statement. Mr. Varela's trial counsel objected to the statement as hearsay, but did not argue that admitting the statement violated Mr. Varela's right to confrontation. The trial court admitted the statement under an exception to the hearsay rule. On appeal the New Mexico Supreme Court ruled that the written statement was inadmissible hearsay, but also ruled that the error was harmless, because the statement was cumulative of Gonzales's testimony. *See Varela*, 993 P.2d at 1289–90.

Mr. Varela now argues that admission of Gonzales's statement violated his right to confront his accuser. But the law is undisputably to the contrary. The Supreme Court has recently reaffirmed that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004). Because Gonzales testified, there was no confrontation-clause violation.

Mr. Varela's ineffective-assistance-of-counsel claim therefore is also baseless, because counsel is not ineffective for failing to raise a meritless issue. *See Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006).

**CONCLUSION**

We DENY Mr. Varela's request for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge